Brandon L. SWALLOW, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 92432w.

Supreme Court of Missouri,
En Banc.

May 14, 2013.

Lisa M. Stroup, Public Defender's Office, St. Louis, for Swallow.

James B. Farnsworth, Attorney General's Office, Jefferson City, for the State.

PATRICIA BRECKENRIDGE, Judge.

Brandon Swallow appeals the circuit court's judgment dismissing his Rule 24.035 motion for post-conviction relief, because the circuit court found his motion was untimely filed. Mr. Swallow claims the circuit court erred in dismissing his motion because he filed it within 180 days of his delivery to the department of corrections for his first degree assault sentence, which triggered the period in which he could file a post-conviction relief motion challenging that conviction and sentence. The court of appeals held that the triggering event was his previous delivery to the department to serve an armed criminal action sentence imposed in the same judgment. Mr. Swallow asserts that Rule 24.035 permits serial post-conviction relief motions challenging a single judgment when the movant is delivered to the department at different times to serve the sentences within the judgment and sets the filing deadline as 180 days from delivery to the department for each individual sentence within a multiple-count judgment.

Mr. Swallow claims the circuit court's misapplication of Rule 24.035 prejudiced him in two ways. First, he claims it prevented him from challenging the ineffective assistance of his guilty plea counsel when counsel failed to advise him of and pursue the defense that the police unconstitutionally obtained incriminating statements by interviewing him when he was 17 years old without advising him that he had the right to have his parents present. Second, he claims that the circuit court's error prevented him from challenging the assistance of counsel at his probation revocation hearing as ineffective because counsel did not ask the court to order that he receive a psychological examination after his delivery to the department of corrections to serve his twenty-year sentence for first degree assault. Because Mr. Swallow's first claim is waived and the second claim is not cognizable in a post-conviction motion, the circuit court's judgment is affirmed.

**Factual and Procedural Background**

On the night of July 6, 2005, Brandon Swallow stabbed a man during a fight behind a St. Louis restaurant. Mr. Swallow was arrested and charged with first degree assault, section 565.050, and armed criminal action (ACA), section 571.015.[1] Mr. Swallow pleaded guilty to both charges. On March 3, 2006, the St. Louis County circuit court sentenced him to twenty years in the department of corrections for assault and three years for ACA, which the court ordered to be served concurrently. The circuit court then suspended execution of his assault sentence and placed Mr. Swallow on probation for a term of five years. As required by section 571.015.1, the court ordered that Mr. Swallow's three-year sentence for ACA sentence be executed. At the conclusion of sentencing, the court advised him that, absent an appeal, he had 180 days from the time he was delivered to the department of corrections to file a motion to vacate, set aside, or correct his judgment or sentence. Mr. Swallow began serving

1. All statutory references are to the RSMo 2000, unless otherwise indicated.

his ACA sentence March 10, 2006. He did not appeal and did not file a Rule 24.035 motion within 180 days of his delivery to the department.

Mr. Swallow completed his ACA sentence July 6, 2008, and was released from the department of corrections, but he remained on probation for his assault conviction. In March 2010, a court revoked Mr. Swallow's probation and executed his previously imposed twenty-year assault sentence, with the trial court retaining the right to grant probation pursuant to section 559.115.3, RSMo. Supp.2005.[2] Within 180 days after Mr. Swallow was delivered to the department of corrections to serve his assault sentence, he filed a *pro se* Rule 24.035 motion, which subsequently was amended. Mr. Swallow's amended motion alleged two ineffective assistance of counsel claims, and he moved the court to vacate his ACA and assault convictions and sentences. The state filed a motion to dismiss Mr. Swallow's Rule 24.035 motion as untimely. The circuit court sustained the motion and dismissed Mr. Swallow's motion.

Mr. Swallow appealed. After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, section 10. On appeal, Mr. Swallow claims that, because he initially was delivered to the department of corrections for his ACA sentence but not for his assault sentence, the Rule 24.035 time period to challenge his assault conviction and sentence did not begin until he was delivered to the department of corrections for the assault conviction and sentence.

**Standard of Review**

 This Court's review of a denial of post-conviction relief is limited to a determination of clear error in the circuit court's findings of fact and conclusions of law. *Taylor v. State*, 382 S.W.3d 78, 80 (Mo. banc 2012). A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.* Even if the stated reason for a circuit court's ruling is incorrect, the judgment should be affirmed if the judgment is sustainable on other grounds. *State v. Bradley*, 811 S.W.2d 379, 383 (Mo. banc 1991); *see also Greene v. State*, 332 S.W.3d 239, 246 (Mo.App.2010) (the judgment of the post-conviction relief motion court may be affirmed on any legal ground supported by the record if the circuit court arrived at the correct result).

**Claim of Ineffective Plea Counsel Waived**

Mr. Swallow asserts that the circuit court erred in dismissing his Rule 24.035 motion as untimely because he filed it within 180 days of his delivery to the department of corrections to serve the twenty-year sentence for his assault conviction. He contends that the provisions of Rule 24.035, as applied in prior cases, permit a movant to file serial motions to challenge individual convictions and sentences within a multiple-count judgment when the movant is delivered to the department at different times for the sentences. Mr. Swallow claims that, if his motion is timely filed, he is entitled to relief because his

---

**2.** Mr. Swallow was delivered to the department of corrections' Institution Treatment Centers for substance abuse treatment. Mr. Swallow did not receive a psychological examination and, therefore, was not prescribed the antipsychotic medications he had received during his incarceration in the department for

his ACA sentence. Mr. Swallow was terminated from the substance abuse program after exhibiting negative behaviors associated with schizophrenia. As a result, the court did not order that he be released on probation within 120 days of his delivery to the department.

plea counsel was ineffective for failing to pursue the defense that his statements to police were obtained unconstitutionally.

Absent an appeal, Rule 24.035(b) requires a person seeking to correct, vacate, or set aside a judgment or sentence to file a motion within 180 days of the date the person is delivered to the custody of the department of corrections. The judgment at issue in this case convicted Mr. Swallow on two counts—ACA and assault. Mr. Swallow did not appeal, so Rule 24.035(b) required him to file a Rule 24.035 motion within 180 days of his delivery to the department of corrections. Mr. Swallow was delivered to the department of corrections March 10, 2006, to serve his ACA sentence. He filed the Rule 24.035 motion at issue in this case September 10, 2010. Mr. Swallow contends that his motion is timely because, although he was delivered to the department of corrections initially in 2006, such delivery was solely for the purpose of serving the ACA sentence. He subsequently was delivered to the department in 2010 for the assault sentence, and this motion was filed within 180 days of his delivery to the department of corrections to serve that sentence.

▬ Rule 24.035, as fully set out in the appendix to this opinion, does not specifically address the issue of whether a subsequent delivery permits a filing more than 180 days after an initial delivery to the department. The rule, however, has the purpose of providing a prompt review of any deficiency in the judgment or sentence. *See State ex rel. Nixon v. Daugherty,* 186 S.W.3d 253, 254 (Mo. banc 2006) (Rule 24.035's purpose is to avoid delay in the processing of prisoners' claims and prevent the litigation of stale claims). Rule 24.035 is designed to avoid duplica-

tive and unending challenges to the finality of judgment. *Dorris v. State,* 360 S.W.3d 260, 269 (Mo. banc 2012). The rule intends "to provide a 'single, unitary, post-conviction remedy, to be used in place of other remedies,' including the writ of habeas corpus." *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 214 (Mo. banc 2001). Permitting delay in raising claims until a later delivery would frustrate that purpose.

While Rule 24.035 does not expressly address subsequent deliveries for the same judgment, there are requirements in the rule that are contrary to Mr. Swallow's interpretation. Specifically, a Rule 24.035 motion is to include "every claim known to the movant for vacating, setting aside, or correcting the judgment or sentence." Rule 24.035(d). The term "judgment" encompasses all convictions and all sentences against the movant.[3] *See* Rule 29.07(c). In fact, the rule requires that the motion include a declaration that the movant has listed all claims for relief known to the movant and an acknowledgement that the movant understands that the movant is waiving any claim for relief known to the movant that is not included in the motion. *Id.* The rule also expressly prohibits successive motions. Rule 24.035(l). Recognizing Rule 24.035's bar against claims that could have been raised in a previous motion under the rule, Missouri courts consistently have held that post-conviction relief motions that raise claims the movant could have raised in an earlier proceeding are treated as successive and dismissed. *See Shifkowski v. State,* 181 S.W.3d 633, 634 (Mo.App.2006); *Sales v. State,* 772 S.W.2d 739, 740 (Mo.App.1989); *Bolder v. State,* 769 S.W.2d 84, 88 (Mo. banc 1989); *see also Thurman v. State,* 859 S.W.2d 250, 252 (Mo.App.1993) (a post-conviction mov-

---

**3.** The use of the term "sentence" in addition to "judgment" appears to be intended to make clear that the movant may challenge not just the adjudication of guilt but the sentence as well. *See* Rule 24.035(a).

ant waives his right to require findings by the circuit court on the merits of his ineffective assistance of counsel claims by failing to advance those claims in his first post-conviction relief motion). These requirements ensure that movants receive prompt and unitary post-conviction relief opportunities, which would be compromised under Mr. Swallow's interpretation of the rule.

Moreover, the delay in raising claims until a subsequent delivery may introduce complex issues relating to claim or issue preclusion that a prompt resolution will prevent. For instance, any claim that pertains to all the charges on which a movant was convicted and sentenced, like Mr. Swallow's, would require the court to consider whether the claim is barred by issue or claim preclusion. Failure to apply those principles potentially could give a movant two bites at the apple and could result in inconsistent decisions. Additionally, to contend that the rule permits a motion whenever a sentence begins could lead to the absurd result that consecutive sentences could be challenged by a separate motion as each sentence begins, whereas, if the sentences are concurrent, only one motion is permitted dealing with all issues. It also could lead to the absurd requirement of a separate motion to challenge each judgment versus each sentence because Rule 24.035 uses the word "or" between the words "judgment" and "sentence" throughout the rule. For example, Rule 24.035(b) states, "A person seeking

relief pursuant to this Rule shall file a motion to vacate, set aside or correct the judgment *or* sentence." (Emphasis added).

Mr. Swallow argues that his interpretation of Rule 24.035 is supported by the holdings of *Roth v. State* and *Hopkins v. State.* 921 S.W.2d 680 (Mo.App.1996); 802 S.W.2d 956 (Mo.App.1991). He asserts that those decisions would have compelled the circuit court to dismiss any Rule 24.035 challenge to his assault conviction as premature if he had filed it after his first delivery to the department of corrections to serve his ACA sentence. However, neither *Roth* nor *Hopkins* concerns the issue of an initial delivery to the department of corrections followed by a subsequent delivery for a separate sentence within the same judgment. In those cases, the court simply required an initial delivery for the judgment being challenged before the time for filing a post-conviction challenge to that judgment began to run. *See Roth,* 921 S.W.2d at 681–82; *Hopkins,* 802 S.W.2d at 957–58. The cases do not discuss the issue of multiple deliveries to the department for the same judgment.[4]

At the time Mr. Swallow was delivered to the department of corrections for his ACA conviction, Rule 24.035 required him to file a motion within 180 days that raised all of his known challenges to the judgment against him, which encompassed both convictions and both sentences that were imposed, whether executed or not.[5]

---

4. Mr. Swallow further argues that Rule 24.035 should be interpreted to allow serial motions by noting that a second motion may be necessary in a multi-count case when a sentence is imposed and executed for one count at a time when there is a suspended imposition of sentence for another count. First, that is not Mr. Swallow's case because, at the time of his guilty plea, he had sentences imposed for both counts. Additionally, Rule 24.035, read in its entirety, applies only to

convictions and sentences that are final. *See Dorris v. State,* 360 S.W.3d 260, 269 (Mo. banc 2012). There is no final judgment on any count for which imposition of the sentence has been suspended. *See Yale v. City of Independence,* 846 S.W.2d 193, 194 (Mo. banc 1993).

5. In support of his claim, Mr. Swallow cites *Wesbecher v. State,* wherein the court of appeals found that a Rule 24.035 motion filed

Rule 24.035(d). Mr. Swallow's claim that his guilty plea counsel was ineffective for failing to advise him of and pursue the defense that the police unconstitutionally obtained incriminating evidence from him existed and was cognizable when he initially was delivered to the department of corrections, on March 10, 2006, to serve his three-year sentence for ACA. The plain language of Rule 24.035 required him to raise this claim within 180 days of his delivery to the department of corrections for his ACA conviction and sentence.

■ Mr. Swallow did not file a Rule 24.035 motion after his 2006 delivery to serve his ACA sentence. Because Mr. Swallow did not raise the claim at his first opportunity, Mr. Swallow's claim that his plea counsel provided ineffective assistance for failing to advise him of and pursue the defense that police obtained incriminating statements from him in violation of the constitution was waived. The circuit court did not err in dismissing Mr. Swallow's motion as to his claim of ineffective assistance of plea counsel.

This interpretation and application of Rule 24.035 does not prejudice Mr. Swallow. In fact, Mr. Swallow does not allege that he relied on the language in Rule 24.035 to file his motion after his second delivery to the department of correction. He was told at sentencing that he had to file a Rule 24.035 motion within 180 days of his delivery to the department, which was imminent for his ACA conviction. He was not told that the deadline applied only to his ACA conviction. The post-conviction motion at issue in this case, which he filed after his delivery on the assault con-

viction, asserts the claim that his "guilty pleas were involuntary, unknowing, and unintelligent," challenging both of his convictions and sentences. Mr. Swallow's attempt to challenge both convictions in this proceeding is inconsistent with his present claim that Rule 24.035 allowed separate motions to challenge to individual convictions or judgments.

## Probation Revocation Claim
## Not Cognizable

The other claim Mr. Swallow raises in his Rule 24.035 motion (filed after his delivery to the department of corrections to serve his assault sentence) is that his counsel at the probation revocation hearing on his assault conviction did not ask the court to order that Mr. Swallow receive a psychological examination so he could receive antipsychotic medications while serving his assault sentence. While this claim was not known to Mr. Swallow when he initially was delivered to the department of corrections, that fact does not make the claim cognizable in a second Rule 24.035 motion.

■ Mr. Swallow characterizes this as a challenge to his counsel's performance "at sentencing." It is not. A movant may challenge counsel's assistance at sentencing as ineffective. *See, e.g., Glass v. State,* 227 S.W.3d 463, 471 (Mo. banc 2007). However, when a court suspends the execution of sentence, only the act of executing the sentence has been suspended; a criminal conviction has been entered and the sentence has been assessed. *Edwards v. State,* 215 S.W.3d 292, 295 (Mo.App. 2007). Mr. Swallow's sentencing took place in 2006 when the sentence was im-

after a second delivery to the department of corrections was filed timely. 863 S.W.2d 2 (Mo.App.1993). In so ruling, the court in *Wesbecher* merely cites authority for the general proposition that a motion must be filed within the rule's time limits after a movant is

delivered to the department of corrections and does not provide any analysis to support its holding that serial Rule 24.035 motions are permitted. *Id.* at 4. *Wesbecher* is overruled.

posed. Mr. Swallow's second claim, therefore, is related to his counsel's performance not at sentencing but at his probation revocation hearing. A claim of ineffective assistance of counsel for representation at a hearing on a motion to revoke probation is not cognizable in post-conviction relief motion following a guilty plea; the proper remedy instead is habeas corpus. *See Jones v. State*, 471 S.W.2d 166, 169 (Mo. banc 1971); *Snyder v. State*, 288 S.W.3d 301, 303 (Mo.App.2009). Mr. Swallow's second claim fails because such a claim is not cognizable in a post-conviction motion under Rule 24.035.

### Conclusion

Mr. Swallow's judgment of conviction and sentences were entered March 3, 2006. His only motion challenging that judgment was filed September 10, 2010, after the circuit court revoked his probation and executed his twenty-year sentence for first degree assault and delivered him to the department of corrections March 31, 2010, to serve that sentence. His claim that his guilty plea counsel provided ineffective assistance was waived because it was not timely filed. His other claim of ineffective assistance of counsel at the hearing to revoke his probation is not cognizable in a Rule 24.035 proceeding. The circuit court did not err in dismissing Mr. Swallow's Rule 24.035 motion, and the judgment of the circuit court is affirmed.

TEITELMAN, C.J., RUSSELL, FISCHER and STITH, JJ., concur.

DRAPER and WILSON, JJ., not participating.

### APPENDIX

Supreme Court Rule 24.035

24.035. **Conviction** After Guilty Plea— Correction

(a) Nature of Remedy–Rules of Civil Procedure Apply. A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the **conviction** or **sentence** imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the **sentence** was without jurisdiction to do so, or that the **sentence** imposed was in excess of the maximum **sentence** authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated. The procedure to be followed for motions filed pursuant to this Rule 24.035 is governed by the rules of civil procedure insofar as applicable.

(b) Form of Motion—Cost Deposit Not Required—Time to File—Failure to File, Effect of. A person seeking relief pursuant to this Rule 24.035 shall file a motion to vacate, set aside or correct the **judgment** or **sentence** substantially in the form of Criminal Procedure Form No. 40.

No cost deposit shall be required.

If an appeal of the **judgment** or **sentence** sought to be vacated, set aside or corrected was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such **judgment** or **sentence**.

If no appeal of such **judgment** was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections.

If:

(1) An appeal of such **judgment** or **sentence** is taken;

(2) The appellate court remands the case resulting in entry of a new **judgment** or **sentence**; and

(3) An appeal of the new **judgment** or **sentence** is taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming the new **judgment** or **sentence**.

If no appeal of such new **judgment** or **sentence** is taken, the motion shall be filed within 180 days of the later of:

(1) The date the person is delivered to the custody of the department of corrections; or

(2) The date the new **judgment** or **sentence** was final for purposes of appeal.

Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035.

(c) Clerk's Duties. Movant shall file the motion and two copies thereof with the clerk of the trial court. The clerk shall immediately deliver a copy of the motion to the prosecutor. Upon receipt of the motion, the clerk shall notify the sentencing judge and shall notify the court reporter to prepare and file the complete transcript of the movant's guilty plea and sentencing hearing if the transcript has not yet been prepared or filed. If the motion is filed by an indigent pro se movant, the clerk shall forthwith send a copy of the motion to the counsel who is appointed to represent the movant.

(d) Contents of Motion. The motion to vacate shall include every claim known to the movant for vacating, setting aside, or correcting the **judgment** or **sentence**. The movant shall declare in the motion that the movant has listed all claims for relief known to the movant and acknowledging the movant's understanding that the movant waives any claim for relief known to the movant that is not listed in the motion.

(e) Pro Se Motion—Appointment of Counsel—Amended Motion, Required When. When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the **judgment** and **sentence**. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

(f) Withdrawal of Counsel. For good cause shown, counsel may be permitted to withdraw upon the filing of an entry of appearance by successor counsel. If appointed counsel is permitted to withdraw, the court shall cause new counsel to be appointed. If an indigent movant is seeking to set aside a death **sentence**, successor counsel shall have at least the same qualifications as required by > Rule 24.036 as the withdrawing counsel.

(g) Amended Motion—Form, Time for Filing—Response by Prosecutor. Any amended motion shall be signed by movant

or counsel. The amended motion shall not incorporate by reference material contained in any previously filed motion. If no appeal of the **judgment** sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. If an appeal of the **judgment** sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days. Any response to the motion by the prosecutor shall be filed within thirty days after the date an amended motion is required to be filed.

(h) Hearing Not Required, When. If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held. In such case, the court shall issue findings of fact and conclusions of law as provided in Rule 24.035(j).

(i) Presence of Movant—Record of Hearing—Continuance of Hearing—Burden of Proof. At any hearing ordered by the court the movant need not be present. The court may order that testimony of the movant shall be received by deposition. The hearing shall be on the record and shall be confined to the claims contained in the last timely filed motion. The court may continue the hearing upon a showing of good cause. The movant has the burden of proving the movant's claims for relief by a preponderance of the evidence.

(j) Findings and Conclusions—**Judgment.** The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. If the court finds that the **judgment** was rendered without jurisdiction, that the **sentence** imposed was illegal, or that there was a denial or infringement of the rights given movant by the constitution of Missouri or the constitution of the United States as to render the **judgment** subject to collateral attack, the court shall vacate and set aside the **judgment** and shall discharge the movant or resentence the movant or order a new trial or correct the **judgment** and **sentence** as appropriate.

(k) Appeal—Standard of Appellate Review. An order sustaining or overruling a motion filed under the provisions of this Rule 24.035 shall be deemed a final **judgment** for purposes of appeal by the movant or the state. If the court finds that a movant allowed an appeal is an indigent person, it shall authorize an appeal in forma pauperis and furnish without cost a record of all proceedings for appellate review. When the appeal is taken, the circuit court shall order the official court reporter to promptly prepare the transcript necessary for appellate review without requiring a letter from the movant's counsel ordering the same. If the sentencing court finds against the movant on the issue of indigence and the movant so requests, the court shall certify and transmit to the appellate court a transcript and legal file of the evidence solely on the issue of indigence so as to permit review of that

issue by the appellate court. Appellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous.

(1) Successive Motions. The circuit court shall not entertain successive motions.

(m) Schedule. This Rule 24.035 shall apply to all proceedings wherein **sentence** is pronounced on or after January 1, 1996. If **sentence** is pronounced prior to January 1, 1996, postconviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier.

(Emphasis added).