**Opinion filed May 30, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-12-00100-CR
_____

### JIMMY DALE NORVELL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 9861**

## M E M O R A N D U M   O P I N I O N

Jimmy Dale Norvell appeals his conviction for theft. *See* TEX. PENAL CODE
ANN. § 31.03(a), (e)(4)(D) (West Supp. 2013). After finding two enhancement
paragraphs to be true, the jury assessed Appellant's punishment at confinement in
the Institutional Division of the Texas Department of Criminal Justice for a term of
ten years. In two issues on appeal, Appellant argues (1) that the trial court abused
its discretion when it denied his motion for a mistrial and his motion for a new trial

based on juror misconduct and (2) that the trial court erred by not awarding him credit for the time he was released on bond in cause number 9692. We affirm.

*Background Facts*

Based on the events that gave rise to this case, Appellant was originally charged by indictment with the offense of theft in trial court cause number 9692. Pursuant to a plea bargain, Appellant pleaded "guilty" to the charge and received a sentence of five years' imprisonment. Appellant subsequently filed an application for writ of habeas corpus in connection with the conviction in trial court cause number 9692, wherein he argued that his sentence had been improperly enhanced. The Court of Criminal Appeals agreed that the enhancement was improper, and Appellant's conviction and sentence were set aside. Specifically, the court ordered that "[Appellant's] conviction and sentence are set aside, and the parties are returned to their respective positions before they entered into the plea bargain."

Appellant was subsequently reindicted in trial court cause number 9861 (the present case) for the offense of theft. The case proceeded to trial upon Appellant's plea of "not guilty."

On the second day of trial, during the guilt/innocence phase, Appellant made an oral motion for mistrial based on alleged juror misconduct, which the trial court considered in a hearing outside the presence of the jury. Roxy Ann Norvell, Appellant's mother, testified that she and Appellant were riding in the courthouse elevator after lunch on the previous day of trial when a man she recognized as a juror got into the elevator. She testified that Appellant asked the juror what floor he was going to and that the juror said, "Four." Appellant then told the juror, "[Y]ou're going up to where we're going to be." According to Ms. Norvell, she informed Appellant that the man was a juror, and the juror looked at Appellant and said, "I am the one that you're going to have to contend with." Based on his comment, Ms. Norvell believed that the juror already "had his mind made up" as to

2

Appellant's guilt. Appellant testified to a similar version of events but believed that the juror had actually said, "I'm the juror you're going to have to worry about." Appellant stated that he considered the juror's comment to be a threat.

The juror also testified at the hearing. He stated that he simply told Appellant and Ms. Norvell that he was "part of the jury" and "one of the chosen ones." He assured the court that he had not yet made up his mind as to Appellant's guilt and stated that he considered himself a fair and impartial juror.

The court denied Appellant's motion for mistrial and found that the juror could be fair and impartial. The court further found that the juror was merely attempting "to let everybody know he was a juror" when he spoke to Appellant and Ms. Norvell. Appellant subsequently raised the same allegation of jury misconduct in a motion for new trial.

The jury ultimately found Appellant guilty of the offense of theft. At his sentencing hearing, Appellant argued that, under TEX. CODE CRIM. PROC. ANN. art. 11.65 (West 2005), he had a right to receive credit for the time he was released on bond in trial court cause number 9692. Appellant later filed a written request advancing this same argument. The court eventually overruled the request based on its determination that Appellant was not released on bond pursuant to Article 11.65.

*Analysis*

In his first issue, Appellant asserts that the trial court erred in overruling his motion for mistrial and failing to grant his motion for new trial based upon his allegation of juror misconduct. We review the trial court's denial of a defendant's motion for mistrial for an abuse of discretion. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). We also review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Okonkwo v. State*, 398 S.W.3d

3

689, 694 (Tex. Crim. App. 2013); *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012).

In reviewing the trial court's rulings for an abuse of discretion, we do not substitute our judgment for that of the trial court but, rather, decide whether the trial court's decision was arbitrary or unreasonable. *McQuarrie*, 380 S.W.3d at 150; *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). A trial court abuses its discretion when no reasonable view of the record could support the trial court's ruling. *Okonkwo*, 398 S.W.3d at 694; *McQuarrie*, 380 S.W.3d at 150. This requires us to view the evidence in the light most favorable to the trial court's ruling. *Okonkwo*, 398 S.W.3d at 694; *Riley v. State*, 378 S.W.3d 453, 459 (Tex. Crim. App. 2012). Further, the trial court, as factfinder, is the sole judge of the witnesses' credibility. *Okonkwo*, 398 S.W.3d at 694; *Riley*, 378 S.W.3d at 459.

Article 36.22 of the Code of Criminal Procedure states that "[n]o person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." CRIM. PROC. art. 36.22 (West 2006). A violation of Article 36.22, once proven by the defendant, triggers a rebuttable presumption of injury to the accused, and a mistrial may be warranted. *Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000); *Moody v. State*, 827 S.W.2d 875, 899–900 (Tex. Crim. App. 1992); *Robinson v. State*, 851 S.W.2d 216, 230 (Tex. Crim. App. 1991).

The testimony regarding the discussion between Appellant, his mother, and the challenged juror on the elevator was conflicting. The trial court determined that the juror was merely trying to "let everybody know he was a juror" when he spoke to Appellant and Ms. Norvell and concluded that the juror could be fair and impartial in this case. Given the conflicting testimony and the deference we give the trial court in resolving these conflicts, we conclude that the trial court did not abuse its discretion in denying Appellant's motion for mistrial or in failing to grant

4

his motion for new trial based on the juror's comment. Appellant's first issue is overruled.

In his second issue, Appellant contends that the trial court erred when it refused to give him jail time credit for the time he was released on bond in cause number 9692. Appellant posted bond in trial court cause number 9692 on the day of his arrest, July 16, 2010. Appellant's bond was withdrawn on November 15, 2010, and he later pleaded "guilty" pursuant to a plea agreement. Appellant successfully challenged his previous conviction in trial court cause number 9692 in an application for writ of habeas corpus that the Court of Criminal Appeals granted.

At Appellant's sentencing hearing in the present case, he requested jail time credit for the time he was free on bond in trial court cause number 9692 based upon Article 11.65(c).[1] Appellant later made a written request advancing this same argument. Finding that Appellant was not released on bond pursuant to Article 11.65, the trial court ultimately overruled the request. In his brief, Appellant does not argue that Article 11.65 authorizes his request for additional jail time credit. Instead, Appellant contends that he is entitled to the credit because trial court cause number 9692 and this case charged him with the same offense.

In trial court cause number 9692, Appellant was given credit for the time he was released on bond pursuant to the terms of his plea agreement with the State. As noted previously, the Court of Criminal Appeals ordered that "the parties are returned to their respective positions before they entered into the plea bargain." *See Ex parte Rich*, 194 S.W.3d 508, 515 (Tex. Crim. App. 2006). Thus, the

---

[1]CRIM. PROC. art. 11.65(b) provides that, when the applicant and the State stipulate to the proposed findings of fact and conclusions of law, the applicant for a writ of habeas corpus may be released on bond until the applicant is denied relief, remanded to custody, or ordered released. If an applicant is released on bond pursuant to Article 11.65, he remains restrained in his liberty. CRIM. PROC. art. 11.65(c).

5

decision of the Court of Criminal Appeals effectively rescinded the plea agreement, including the State's agreement in the previous proceeding for Appellant to be given credit for time he was released on bond.

In the subsequent proceeding, the trial court was required to provide Appellant with credit for the time he actually spent in jail. However, the trial court was not required to give him credit for the time he was out on bail. *See* CRIM. PROC. art. 42.03, § 2 (West Supp. 2013); *Dalgleish v. State*, 787 S.W.2d 531, 539 (Tex. App.—Beaumont 1990, pet. ref'd). Consequently, we hold that the trial court did not err in denying Appellant's request for additional jail time credit. Appellant's second issue is overruled.

Finally, Appellant requests permission in his prayer to file a pro se supplemental brief. It is well established that Appellant is not entitled to hybrid representation. *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim App. 2001) ("Appellants are not allowed to have 'hybrid representation' on appeal, in which an appellant and an attorney can present independent points to an appellate court."); *see Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006) (court refused to address points raised in the appellant's pro se brief filed after appellate counsel filed brief on the appellant's behalf because the appellant had no right to hybrid representation); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (the appellant's pro se supplemental brief, filed after brief was filed by the appellant's appointed counsel, presented nothing for review). Accordingly, Appellant's request to file a pro se supplemental brief is denied.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


May 30, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.