PER CURIAM:
In 2010, Sharonda Bradford pleaded guilty to first-degree assault, armed criminal action, three counts of felony possession of a controlled substance, and one count of misdemeanor possession of up to thirty-five grams of marijuana. Bradford was sentenced to probation and a suspended term of fifteen years' incarceration for first-degree assault. She was sentenced to terms of imprisonment on the other counts, which were immediately executed. After Bradford's term of incarceration ended on her other sentences, the court found that Bradford had violated her probation on the first-degree assault sentence, and ordered that her sentence for that offense be executed. After her delivery to the Department of Corrections to serve her first-degree assault sentence, Bradford filed a pro se motion for post-conviction relief under Rule 24.035. Relying on Swallow v. State , 398 S.W.3d 1 (Mo. 2013) and the version of Rule 24.035(b) in effect at the time, the circuit court dismissed Bradford's motion as untimely because it was not filed within 180 days of her initial delivery to the Department of Corrections. Bradford appeals. We affirm. Because a published opinion would have no precedential value, we have provided an unpublished memorandum to the parties setting forth the reasons for this order. Rule 84.16(b).