

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| LEVI D. LAUCK, | ) | No. ED111904 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court of |
| vs. | ) | St. Charles County |
| | ) | Cause No. 2111-CC00177-01 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Jon A. Cunningham |
| | ) | |
| Respondent. | ) | Filed: July 2, 2024 |

Before John P. Torbitzky, P.J., James M. Dowd, J., and Michael S. Wright, J.

## OPINION

The series of underlying crimes giving rise to this Rule 29.15 post-conviction relief case took place on Easter Sunday in 2017. That day, appellant Levi Lauck began brutalizing Victim, his then-fiancé, outside his grandmother's house by striking her in the face during the family holiday festivities. Lauck and Victim then left there and while Victim drove the two back to Lauck's mother's house where they lived, Lauck punched Victim in the arm and hit her in the face. Lauck then ordered Victim to stop the car. He exited the vehicle, retrieved a claw hammer from the trunk, and assumed the driver's seat. Then, as he drove, Lauck hit Victim with the hammer while swinging it at her face, arm, and legs. Lauck then exposed himself and forced Victim to fellate him. Upon arrival at Mother's home, Lauck again struck Victim with the hammer causing her to bleed profusely. Inside, Lauck continued to sexually assault and

physically abuse Victim until she escaped to a neighbor's home and then went to a hospital before reporting the events to the police the next day.

On December 21, 2018, a jury found Lauck guilty of first-degree domestic assault, fourth-degree domestic assault, and armed criminal action. The trial court entered judgment on the jury's verdict and sentenced Lauck to concurrent terms in the Missouri Department of Corrections of fifteen years for the first-degree assault, one year for the fourth-degree assault, and five years for the armed criminal action. This Court affirmed the judgment and sentences in *State v. Levi Dakota Lauck*, No. ED107718 (Mo. App. E.D. Nov. 10, 2020), after which Lauck sought post-conviction relief under Rule 29.15.

Lauck now claims that the motion court clearly erred in finding after an evidentiary hearing that trial counsel was not ineffective (1) for failing to locate and subpoena Lauck's stepfather (Stepfather) whose testimony Lauck claims would have refuted the charges against him, and (2) for failing to object to testimony Lauck claims improperly commented on his silence during a police interrogation. We disagree and find (1) that Counsel reasonably attempted to locate Stepfather and, regardless, Stepfather's testimony would not have provided Lauck a viable defense, and (2) that Counsel made an unassailable strategic decision *not* to object to the complained-of testimony.

**Background**

Lauck timely filed his pro se motion for post-conviction relief pursuant to Rule 29.15. Lauck's post-conviction counsel filed an untimely amended motion after requesting two thirty-day extensions. The court conducted an abandonment inquiry and accepted the untimely amended motion because Lauck's attorney had caused the late filing.

On February 18, 2022, the motion court held an evidentiary hearing. Lauck testified that he told Counsel that Stepfather witnessed some of the events that day but that since Counsel did not attempt to locate Stepfather, Lauck and his mother hired an investigator a few months before trial to do so.

When Counsel interviewed Stepfather prior to trial, Stepfather told Counsel he did not witness any blood, sexual mistreatment, hammers, or hitting, or any other abnormal behavior but only that he heard Victim loudly and aggressively shouting at Lauck at which time Stepfather left the scene. Counsel testified that Stepfather's testimony would have helped with their theory that Victim hit herself with a hammer and it would have contradicted Victim.

Counsel testified that the State endorsed Stepfather as a witness and attempted to subpoena him. Counsel did not hire a private detective to find Stepfather because he knew that Lauck's Mother had hired one as Counsel assisted her with that process. Through a private process server, Counsel unsuccessfully tried on multiple occasions to serve Stepfather with a trial subpoena. Stepfather did not appear at trial though counsel intended to call him as a witness.

Stepfather testified at the evidentiary hearing that at the time of these crimes he lived at Mother's house. He saw them in the driveway outside Mother's house, saw Lauck enter the home followed by Victim, but did not notice any injuries to Victim in the brief time he saw her. Stepfather heard some arguing back and forth so he went to Burger King because he did not want to hear the arguing. He claimed things were calm when he returned forty-five minutes later.

Stepfather said that he spoke to Counsel at his office about testifying at trial but that the trial date had not yet been set. At some point between meeting with Counsel and Lauck's trial, Stepfather moved to southern Missouri because he and mother were not getting along. He did

not tell anyone where he went and he did not recall receiving any subpoenas. He stated that if he had received a subpoena, he would have been willing and available to testify at trial.

On August 1, 2023, the motion court denied Lauck's motion for post-conviction relief and this appeal follows.

## Standard of Review

We review a denial of a Rule 29.15 motion for post-conviction relief only to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Swallow v. State*, 398 S.W.3d 1, 10 (Mo. banc 2013). Findings and conclusions are clearly erroneous only when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Swallow*, 398 S.W.3d at 3. The motion court's findings should be upheld if they are sustainable on any ground. *Id.* And we presume that the motion court's findings are correct, including the motion court's determinations as to the credibility of witnesses. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019).

To be entitled to post-conviction relief for ineffective assistance of counsel, the movant must meet the two-pronged *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018). The movant must prove by a preponderance of the evidence (1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and (2) that as a result thereof, the movant was prejudiced. *Anderson*, 564 S.W.3d at 600.

To succeed on the performance prong, the movant must overcome a strong presumption that counsel's performance was reasonable and effective by showing specific acts or omissions that, under the circumstances, fell outside the wide range of effective assistance. *Id.* To satisfy the prejudice prong, the movant must show that there is a reasonable probability that, but for

4

counsel's alleged errors, the outcome would have been different. *Id.* If the movant fails to establish either prong, "then we need not consider the other and the claim of ineffective assistance must fail." *Roberts v. State*, 535 S.W.3d 789, 797 (Mo. App. E.D. 2017).

**Discussion**

*Point I*

In Point I, Lauck claims that the motion court clearly erred in denying his motion for post-conviction relief because trial counsel failed to subpoena and call Stepfather, who claimed he witnessed some of the events of April 16, 2017. Because Stepfather could not be located through Counsel's reasonable investigation and, regardless, Stepfather's testimony would not have provided Lauck a viable defense, we deny this point.

To prove ineffective assistance of counsel for failure to call a witness at trial, "the [movant] must show that: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have provided a viable defense." *Anderson*, 564 S.W.3d at 601 (internal quotations omitted).

First, Lauck has failed to satisfy the second prong of the analysis. When Counsel met with Stepfather, he assured Counsel he would testify at trial. After this meeting, Stepfather moved and Counsel helped Mother hire a private investigator to find Stepfather. In addition, Counsel attempted multiple times to subpoena Stepfather for trial. This record reflects Counsel's search was dexterous, not ineffective. We will not hold Counsel responsible for Stepfather moving across the state and not telling anyone where he went or how he could be contacted.

The analysis of prong four of the foregoing test is also fatal to Lauck's appeal because Stepfather's brief encounter with Victim that day would not have provided Lauck a viable

5

defense. According to Stepfather's own testimony, he witnessed little of Lauck's crime spree that day. Because he fled the home upon hearing Lauck and Victim arguing loudly, Stepfather was not there when Lauck forced Victim to run naked, battered, and bloodied from Mother's house to a neighbor's house who saw her injuries and testified to their severity at trial. Stepfather was not there when Victim was hospitalized for arm, leg, and rib contusions, a head laceration, and a closed head injury. At most, Stepfather's testimony may have countered Victim's testimony about the injuries she sustained *before* getting to Mother's house, but it is well-settled that the failure to call an impeachment witness does not entitle Lauck to relief under Rule 29.15 when the witness would not have provided him with a defense to his crimes. *See State v. Gollaher*, 905 S.W.2d 542, 548 (Mo. App. E.D. 1995). Point denied.

*Point II*

In Point II, Lauck claims that the motion court clearly erred in denying his motion because trial counsel failed to object to evidence that Lauck did not answer questions during police interrogation after he had already been advised of his right to remain silent.

To succeed on an ineffective assistance claim based on counsel's failure to object, the movant must show that (1) the objection would have been meritorious, and (2) the failure to object resulted in a substantial deprivation of his right to a fair trial. *Nigro v. State*, 467 S.W.3d 881, 886 (Mo. App. W.D. 2015). "A mere failure to object to objectionable evidence or argument does not establish ineffective assistance of counsel." *Hays v. State*, 484 S.W.3d 121, 133 (Mo. App. W.D. 2015) (internal citation omitted). Failure to object is rarely found to be ineffective assistance of counsel because trial counsel may choose not to object due to strategic reasons. *Id.* Thus, trial counsel's failure to object is ordinarily trial strategy and afforded considerable deference. *Id.*

6

By way of background, the Detective who interviewed Lauck the day after his arrest testified at trial that he read Lauck his Miranda rights before conducting a forty-five-minute interview. Detective, who did most of the talking while Lauck said only about "ten words" at the beginning, explained to Lauck that he had a warrant to obtain his DNA by buccal swab. He also examined Lauck for injuries.

Because Counsel made a strategic decision not to object to Detective's testimony, we need not address whether the objection would have been meritorious or substantially deprived Lauck of his right to a fair trial. *See State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc 1996). Counsel testified at the evidentiary hearing he did not consider it important to the defense Detective's comment on whether or not Lauck had invoked his right to remain silent because Counsel knew that Lauck was going to claim in his testimony that he invoked his right to remain silent *before* the interview began. Under these circumstances, we cannot fault Counsel's strategic decision not to object to such brief and apparently innocuous testimony by Detective.

### Conclusion

For the reasons set forth above, we affirm the motion court's judgment.

_____
James M. Dowd, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

7