

## SUPREME COURT OF MISSOURI
### en banc

JESSIE L. NELSON,              )         *Opinion issued July 22, 2025*
                                   )

             Appellant,       )

                                   )

v.                            )        No. SC100957

                                   )

STATE OF MISSOURI,         )

                                   )

             Respondent.     )

and

CAMERON D. WOODS,         )

                                   )

             Appellant,       )

                                   )

v.                            )        No. SC101008

                                   )

STATE OF MISSOURI,         )

                                   )

             Respondent.     )

### APPEAL FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
The Honorable Patrick K. Robb, Judge

### APPEAL FROM THE CIRCUIT COURT OF CASS COUNTY
The Honorable Stacey J. Lett, Judge

Jessie Nelson and Cameron Woods appeal the overruling of their respective

amended motions for postconviction relief.  The Court holds each record reflects Nelson

and Woods were abandoned by their appointed counsel when appointed counsel filed

untimely amended motions.  Given this Court's finding of abandonment, remand for an abandonment inquiry is not required.  Because the motion courts did not clearly err in overruling the amended motions on the merits after conducting evidentiary hearings, the Court affirms the judgments.

## Factual Background and Procedural History

### *Nelson v. State*

In August 2018, witnesses saw Nelson in a vehicle at the scene of a shooting that left one person dead and another permanently injured.  The state charged Nelson with first-degree murder, first-degree assault, and two counts of armed criminal action.  The circuit court entered its judgment finding him guilty, after a jury trial, of all counts.  In January 2020, the circuit court sentenced Nelson.  The court of appeals affirmed.  *State v. Nelson*, 635 S.W.3d 232 (Mo. App. 2021) (mem.).  In December 2021, the court of appeals issued its mandate.

On March 8, 2022, Nelson filed his *pro se* Rule 29.15 motion.[1]  The same day, the motion court entered its order appointing the public defender to represent Nelson.  On March 9, 2022, a public defender entered an appearance on Nelson's behalf.  The public defender did not request an extension of time to file an amended motion.  On July 6, 2022, the public defender filed an amended motion.  On August 2, 2023, after an evidentiary hearing, the motion court entered its judgment overruling the amended

---

[1] Unless otherwise specified, all rule references are to Missouri Court Rules (2020).

motion. Nelson appealed. This Court granted transfer after an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

## Woods v. State

The state charged Woods with unlawful use of a weapon. In March 2021, Woods entered an open plea of guilt.[2] The state recommended the statutory maximum of 15 years' imprisonment, and Woods requested a 15-year sentence with the sentence suspended and probation. The relevant statute authorized a suspended execution of sentence with probation because Woods was not charged as a prior or persistent offender. On May 3, 2021, the circuit court entered its judgment and sentenced Woods to 15 years' imprisonment. Woods did not appeal.

On October 29, 2021, Woods filed his *pro se* motion under Rule 24.035 (2021).[3] On November 4, 2021, the motion court entered an order appointing the public defender to represent Woods and specified in the order the public defender had "120 days in which to file an amended motion as set forth in Rule 24.035/Rule 29.15 cases."[4] On December 19, 2021, a public defender entered an appearance and advised the motion court the guilty plea and the sentencing hearing transcript had been filed December 16, 2021. On April

---

[2] An "open plea" includes no agreement as to sentencing. *Branson v. Shewmaker*, 710 S.W.3d 531, 537 (Mo. banc 2025).

[3] References to Rule 24.035 (2021) are to the version effective through November 3, 2021.

[4] For the reasons set out in this opinion, the motion court stated an incorrect deadline in its appointment order. The order did not extend the filing deadline because, under Rule 24.035(g) (2021), the motion court lacked authority to alter the deadlines or grant an extension beyond that permitted by the rule.

15, 2022, the public defender filed an amended motion. On November 3, 2023, after an evidentiary hearing, the motion court entered its judgment overruling the amended motion. Woods appealed. This Court granted transfer after an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

## Standard of Review

"Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). The same applies for review of Rule 24.035 proceedings. *See* Rule 24.035(k) (2021). "Appellate courts presume the motion court's findings are correct and a judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Flaherty v. State*, 694 S.W.3d 413, 416 (Mo. banc 2024) (internal quotation omitted).

"This Court interprets the rules by applying principles similar to those used for state statutes." *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012). "In determining statutory intent, and this Court's intent in the rules, this Court will look to the plain and ordinary meaning of those words as defined in the dictionary." *Id.* (internal quotation and alteration omitted).

# Analysis

## Because appointed counsel did not timely file the amended motions, appointed counsel abandoned Nelson and Woods

Because Nelson was sentenced in January 2020, the 2020 version of Rule 29.15 (last amended January 1, 2018) in effect at Nelson's sentencing date applies to his postconviction proceedings regardless of any later amendments. *Scott v. State*, No. SC100916, _ S.W.3d _, slip op. at 5 (Mo. banc July 22, 2025). Likewise, because Woods was sentenced in May 2021, the version of Rule 24.035 effective through November 3, 2021 (last amended January 1, 2018) applies to Woods' postconviction proceeding regardless of any later amendments. *Scott*, No. SC100916, slip op. at 5.

The 2020 version of Rule 29.15(g) provided (when there is a direct appeal) an amended motion must be filed within 60 days of the earlier of both: (1) the date the mandate issues from the court of appeals, and (2) appointment of counsel or entry of appearance on behalf of the movant by any counsel who is not appointed. Rule 29.15(g) also permitted an extension of this deadline, with no extension to exceed 30 days individually and the total of all extensions not to exceed 60 days. Nelson's amended motion filed by the public defender was not timely because it was filed more than 60 days after the earlier of both issuance of the court of appeals' mandate and the order appointing the public defender to represent Nelson, and the public defender neither sought nor obtained an extension of the 60-day deadline.

Similarly, Rule 24.035(g) (2021) provided (when there is no direct appeal) an amended motion must be filed within 60 days of the earlier of both: (1) the date a

complete transcript of the guilty plea and sentencing hearing are filed in the trial court, and (2) appointment of counsel or entry of appearance on behalf of the movant by any counsel who is not appointed. Rule 24.035(g) (2021) also permitted an extension of this deadline, with no extension to exceed 30 days individually and the total of all extensions not to exceed 60 days. Woods' amended motion filed by the public defender was not timely because it was filed more than 60 days after the earlier of both the filing of the complete transcript of the guilty plea and sentencing hearing and the order appointing the public defender to represent Woods, and the public defender neither sought nor obtained an extension of the 60-day deadline.

Because neither Nelson's nor Woods' amended motion was timely, the ordinary course would be to remand these cases to the motion court to conduct an abandonment hearing to determine if the tardiness of each motion was the fault of counsel and was not the result of the movant's actions or inactions.[5] *See Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991) ("If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion."). Such a hearing, however, serves no purpose here.

Remand to the motion court for an abandonment inquiry is the appropriate disposition when an "independent inquiry is required but not done." *Moore v. State*, 458 S.W.3d 822, 826 & n.3 (Mo. banc 2015). For Nelson and Woods, however, remand is

---

[5] In *Scott*, the Court recognized the abandonment doctrine applies only to appointed counsel. *Scott*, No. SC100916, slip op. at 7. Counsel for both Nelson and Woods were appointed.

not required because the record unmistakably demonstrates appointed counsel abandoned each movant by failing to timely file an amended motion, and these failures were not due to any negligence or intentional failure to act by Nelson or Woods. Instead, the record plainly shows appointed counsel's failures resulted from incorrectly determining which version of the rules to follow. Nelson's appointed counsel included in the amended motion a "statement of timeliness" stating:

> Once a movant files a Form 40 after a direct appeal, the amended motion is due within 120 days of both the appointment of counsel and the issuance of the mandate. Rule 29.15(g). This Court appointed the Office of the Public Defender on March 8, 2022. Mr. Nelson's amended motion is due and timely filed on Wednesday, July 6, 2022, which is 120 days from March 8, 2022.

Likewise, Woods' appointed counsel included in the amended motion a "statement of timeliness" stating:

> Rule 24.035(g) requires that an amended motion be filed within 120 days of "the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed." The Court appointed the Office of the Public Defender on November 4, 2021. The guilty plea and sentencing transcripts were filed on December 16, 2021. Accordingly, the amended motion is due to be filed on April 15, 2022.

Each counsel applied the wrong version of the rule and, as a result, miscalculated the deadline for each movant's amended motion. Neither Nelson nor Woods played any role in these miscalculations.

Not only is there no need to remand for abandonment hearings, there also is no need to remand for the motion courts to address the claims in Nelson's and Woods' untimely amended motions. Because both motion courts erroneously concluded Nelson's and Woods' amended motions were timely, both held evidentiary hearings on the claims

7

raised in each of the amended motions.  Both motion courts made findings of facts and conclusions of law denying all claims in those amended motions.

Rather than waste time and effort remanding for abandonment hearings when abandonment is clear on the face of the record, or remanding for evidentiary hearings on claims that already have been heard at an evidentiary hearing and adjudicated, the only reasonable conclusion is for this Court to reach the merits of Nelson's and Woods' appeals without further delay.

**The Court affirms the motion court's judgment as to Nelson**

In two points on appeal, Nelson asserts the motion court clearly erred in denying some of his claims of ineffective assistance of counsel.  In his first point, Nelson asserts the motion court clearly erred in denying his claim trial counsel was ineffective in failing to investigate and use employment records to impeach a victim-witness because the motion court ignored Nelson's arguments.  In his second point, Nelson asserts the motion court clearly erred in denying his claim trial counsel was ineffective in failing to file a motion to suppress and request a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).

"To be entitled to postconviction relief for ineffective assistance of counsel, 'a movant must show by a preponderance of the evidence that his or her trial counsel failed to meet the *Strickland* test.'" *Flaherty*, 694 S.W.3d at 420 (quoting *Watson v. State*, 520 S.W.3d 423, 435 (Mo. banc 2017)).  "*Strickland* requires the movant to show that his or her 'counsel's performance was deficient,' and that counsel's deficient performance 'prejudiced the defense[.]'" *Id.* (alteration in original) (quoting *Strickland v. Washington*,

8

466 U.S. 668, 687 (1984)). "Both deficient performance (i.e., the performance prong) and prejudice (i.e., the prejudice prong) must be shown by a preponderance of the evidence ... to prove ineffective assistance of counsel." *Id.* (alteration in original) (internal quotation omitted).

In point one, Nelson asserts the motion court clearly erred in denying his claim because it ignored his arguments this evidence would have boosted the credibility of his testimony in his own defense and impeached the victim's testimony naming Nelson as the shooter. At the evidentiary hearing, trial counsel testified she did not pursue the employment records because Nelson's defense was that he was not at the shooting and had been misidentified. Trial counsel feared introducing evidence Nelson worked with the victim in 2016 would only strengthen the victim's identification of Nelson.

The motion court concluded trial counsel was not ineffective because the employment records would not have provided a viable defense to the charges. "Failure to impeach a witness will not warrant post-conviction relief unless the testimony offers a defense to the charged crimes." *Johnson v. State*, 406 S.W.3d 892, 904 (Mo. banc 2013). Even if the employment records would have impeached the victim's testimony, the records did not provide Nelson a defense. The motion court did not clearly err in denying this claim.

In point two, Nelson asserts the motion court clearly erred in denying his claim trial counsel was ineffective for failing to file a motion to suppress and request a *Franks* hearing regarding evidence recovered from a search of his wife's vehicle. At the evidentiary hearing, trial counsel testified she did not file a motion to suppress because

9

Nelson did not own the vehicle and did not occupy the vehicle at the time of the search, so counsel believed Nelson lacked standing to challenge the vehicle search.

The motion court concluded trial counsel was not ineffective because Nelson lacked standing to challenge the search, and, even if Nelson had standing, a motion to suppress would not have been meritorious because the search warrant was supported by probable cause. Nelson's arguments about standing do not establish a motion to suppress the vehicle search would have been meritorious. Counsel is not ineffective in failing to file a meritless motion to suppress. *State v. Hunter*, 840 S.W.2d 850, 870 (Mo. banc 1992). Because Nelson has not established the deficient performance prong of his claim, the Court need not consider the prejudice prong. *Flaherty*, 694 S.W.3d at 420. The motion court did not clearly err in denying this claim.

**The Court affirms the motion court's judgment as to Woods**

In a single point on appeal, Woods asserts the motion court clearly erred in denying his claim trial counsel was ineffective in failing to call an expert witness at his sentencing hearing in mitigation to testify about Woods' mental conditions and the abuse he suffered as a child.

"A movant may challenge counsel's assistance at sentencing as ineffective." *Swallow v. State*, 398 S.W.3d 1, 6 (Mo. banc 2013). "If a defendant aggrieved by ineffective assistance of counsel at sentencing is willing to abide by the guilty plea or conviction, the defendant nonetheless may have recourse under a post-conviction motion if the defendant demonstrates that sentencing was influenced by ineffective assistance of counsel during sentencing." *Dawson v. State*, 611 S.W.3d 761, 769 (Mo. App. 2020)

10

(internal quotation omitted). "[T]he two-pronged test from *Strickland* applies equally to claims of ineffective assistance of counsel arising out of a sentencing hearing." *Id.* (alteration in original) (internal quotation omitted). "Applied to claims of ineffective assistance of counsel at sentencing, a movant must show that but for sentencing counsel's errors ... the result of the sentencing would have been different, specifically, that his sentence would have been lower." *Id.* (alteration in original) (internal quotations omitted).

Sentencing counsel testified he made a strategic decision not to call a mental health expert because he "did not want to put the emphasis on mental health" and, instead, wanted to offer an improved home plan and community support for Woods' probation request. Sentencing counsel further testified he had been trained that, when there is an open plea, "[y]ou always want to kind of just openly admit that you committed the act and then try to present good character."

The motion court concluded sentencing counsel's strategic decision not to call an expert witness was informed, reasonable, and not deficient. The motion court also concluded Woods did not establish prejudice because there was no reasonable probability Woods would have received a suspended execution of sentence with probation, the only other sentence allowed by the relevant statute, had counsel presented the expert testimony at Woods' sentencing hearing. The motion court found the sentencing court had before it and said it considered the mental evaluation and the sentencing assessment report in reaching its judgment. By way of these documents, the sentencing court knew Woods had been physically abused as a child; was a heavy substance abuser; and had diagnoses

11

of post-traumatic stress disorder, depression, and schizophrenia. The expert's testimony expounding on these areas would not have created a reasonable likelihood Woods' sentence would have been different. While Woods argued to the motion court the expert testimony was necessary to show the sentencing court the impact his mental illness may have had on the offense date, he ignores this evidence also shows his mental health issues would make it difficult for him to control his behavior, and he would be a danger to the community if he received probation. The motion court found: "This evidence, had it been presented at sentencing, is not mitigating. If anything, [the expert's testimony] reinforces the [c]ourt's reasoning for sentencing [Woods] to the Department of Corrections. [The] testimony supports the [s]tate's argument that [Woods] is a danger to the community given his impulsivity, recklessness, and anger[.]"

Because Woods did not satisfy the prejudice prong of his claim, the Court need not consider the performance prong. *Flaherty*, 694 S.W.3d at 420.

## Conclusion

The judgments of the motion courts denying postconviction relief are affirmed.

 

_____

Ginger K. Gooch, Judge

All concur.

12