**Leonard S. TAYLOR, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 92166.**

Supreme Court of Missouri,
En Banc.

Oct. 30, 2012.

Rehearing Denied Dec. 4, 2012.

Jeannie M. Willibey, public defender's office, Kansas City, for Taylor.

Evan J. Buchheim, attorney general's office, Jefferson City, for the State.

MARY R. RUSSELL, Judge.

Leonard Taylor (Movant) brings this Rule 29.15 claim based on his allegations of ineffective assistance of counsel in a trial in which he was found guilty of four counts of first-degree murder and four death sentences were imposed. After an evidentiary hearing regarding some of Movant's claims, the motion court overruled his motion. This Court finds that, despite Movant's allegations, there was overwhelming evidence establishing his guilt, negating the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The motion court's judgment is affirmed.

## I.  Facts

A jury found Movant guilty of four counts of first-degree murder and armed criminal action for the shooting deaths of his girlfriend (victim) and her three children. Movant was sentenced to death for the crimes. He appealed directly to this Court, which affirmed his conviction and sentence in *State v. Taylor*, 298 S.W.3d 482 (Mo. banc 2009).[1]

Movant filed a *pro se* Rule 29.15 motion for post-conviction relief, and appointed counsel later filed an amended motion. The court granted an evidentiary hearing regarding some of the issues raised by

---

1. A full recitation of facts underlying Movant's conviction is available in *State v. Taylor,* 298 S.W.3d 482.

Movant and denied a hearing for other issues raised by Movant.

Movant's post-conviction hearing claims of ineffective assistance of counsel[2] were based on what he considered to be a less than thorough investigation and analysis of victim's Charter landline records and Sprint cellular phone records for Movant, his brother and victim's sister. He argued that counsel should have discovered discrepancies as to Charter records showing all outgoing calls and Sprint records showing all incoming calls. He also claimed that counsel's failure to object to the admission of Charter and Sprint records, and the Charter representative's trial testimony about interpretation of the records, amounted to ineffective assistance. Movant insisted that, had counsel discovered the discrepancies and made the objections, the result at trial would have been different because the State relied on the Charter and Sprint records to prove when victim and her children died. The State countered Movant's arguments by noting that the phone calls in question were but a handful of nearly 4,000 entries in the four sets of phone records. The State also pointed out that objections to the admission of the records and testimony would not have been meritorious.

The motion court heard testimony from telephone company representatives regarding calls made by Movant, victim, and victim's sister as one potential method of approximating when victim and her children were killed. Movant's trial attorneys also testified. The motion court entered findings and a judgment overruling Movant's motion. Movant now appeals.[3] He makes numerous complaints about trial counsel's ineffectiveness in failing to fully investigate phone records submitted into evidence at trial and in failing to object to testimony given at trial.

## II. Standard of Review for Rule 29.15

This Court's review of the motion court's denial of Rule 29.15 post-conviction relief is limited to a determination of clear error in the motion court's findings of fact and conclusions of law. *Goodwin v. State,* 191 S.W.3d 20, 25–26 (Mo. banc 2006). A judgment is considered clearly erroneous when " 'the court is left with the definite and firm impression that a mistake has been made' " in light of the entire record. *Id.* at 26 (quoting *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000)). "The motion court's findings are presumed correct. The question is whether, when all the mitigation evidence is added together, is there a reasonable probability that the outcome would have been different?" *Id.*

## III. Ineffective Assistance of Counsel and Overwhelming Evidence of Guilt

To establish ineffective assistance of counsel worthy of post-conviction relief, the Movant must satisfy *Strickland v. Washington*'s two-prong test. 466 U.S. at 687, 104 S.Ct. 2052. First, the movant must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. 2052. Strategic choices made after a thorough evaluation of the law and the facts are nearly unchallengeable. *Id.* "A particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

2. Movant was represented by three attorneys at trial. For purposes of this opinion, the use of "counsel" refers to all of Movant's counsel.

3. The jurisdiction of this Court is proper under article V, section 10 of the Missouri Constitution; Order June 16, 1998.

■ If counsel's performance was deficient, the movant then must prove that he was prejudiced by counsel's deficiency. *Id.* at 687, 104 S.Ct. 2052. The hallmark of *Strickland* prejudice is a finding, by a reasonable probability, that the movant would have received a different result at trial if counsel had not made the unprofessional errors alleged. *Id.* at 694, 104 S.Ct. 2052. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding. *Id.*

■ In *Strickland,* the Court went on to point out that a court making a determination of ineffective assistance of counsel is not required to apply the two prongs of the *Strickland* test in the order set forth above. *Id.* at 697, 104 S.Ct. 2052. The court may not need to address both prongs if the movant has failed to make a sufficient showing on one. *Id.* If the ineffectiveness claim can be disposed of because of lack of sufficient prejudice, that course should be followed. *Id.*

■ Here, Movant has failed to make a sufficient showing to support *Strickland*'s, prejudice prong because of the overwhelming evidence presented that established his guilt. He fails to demonstrate by a reasonable probability that *but for* counsel's alleged errors the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052.

The State presented overwhelming evidence of Movant's guilt at trial. The phone records and the testimony in question were but pebbles in the mountain of evidence used to convict Movant and are insufficient to undermine confidence in the outcome of the trial as required by *Strickland. Id.* The information presented at trial, and set forth below, was more than sufficient to support the jury's verdict.

The State theorized that the murders took place before Movant left St. Louis November 26,[4] more specifically, sometime late on the night of November 23 into the early morning hours of November 24.[5] The evidence at trial as to when the murders took place was as follows: Victim, described as a "good employee," called in to work November 21 but missed all of her shifts beginning November 26 without calling her employer. Victim's children did not return to school Monday, November 29 following the Thanksgiving break. Newspapers in victim's yard started accumulating November 26, and her mailbox was full of mail. All of the windows and doors of victim's home were locked when the police entered December 3, and there were no signs of forced entry. The police found Movant's fingerprints on a can of Glade air freshener in victim's kitchen. They recovered 10 bullets from the home, victim and her children. All had been fired from the same gun—a .38– or .357–caliber revolver.

In addition to the evidence found in victim's home, Movant confessed to his brother that he killed victim and her children.[6] Movant's brother gave a taped interview to the police on December 8. In that interview, he stated that Movant called him on November 24 and asked to borrow money. Movant said that he needed to get away and that he had killed victim after she came at him with a knife. He killed her children because they were witnesses. The next day, Movant again spoke with his brother, telling him that he was still in victim's home with the bodies because he was waiting for a letter from

---

4. All dates referenced within this opinion occurred in 2004 unless otherwise noted.

5. Thanksgiving Day fell on November 25 in 2004.

6. Movant's brother later claimed that his statement was coerced.

his wife.[7] The police found an opened, unsigned letter in victim's home dated November 22 and postmarked from California. The letter contained four short sentences: "Is your man faithful? ? ? Eventually it all comes out. Enjoy it now. Because he's not yours." In addition to telling his brother about the letter, Movant also said that he had turned on the air conditioning in victim's home. When the police entered and located the bodies December 3, they noticed that the thermostat was set to the lowest setting, the air conditioning was on and it was noticeably cool inside the home, unusual for December in Missouri. All of this evidence supported the jury's verdict.

Movant's actions just prior to leaving St. Louis November 26 also permitted an inference of guilt. Movant went to his sister-in-law's home November 26 asking for a ride to the airport. His sister-in-law saw him throw what appeared to be a long-barreled revolver into the sewer near her home.[8] Movant told his sister-in-law that he was leaving town because people were trying to kill him and that she would not see him alive again. He also warned her that she would hear things about him that were not true. After she dropped him off at the airport, he boarded a flight to Phoenix, then California, traveling under the name Louis Bradley.

The vehicle Movant drove to his sister-in-law's home presented additional evidence of guilt. He had parked the vehicle, his brother's Chevrolet Blazer, outside his sister-in-law's home prior to leaving for the airport. The next day, Movant's wife called her sister (Movant's sister-in-law). Movant could be heard in the background yelling that the Blazer should be put into the garage. Later that week, Movant's brother picked up the Blazer. The police found a partial box of Winchester .38 special ammunition inside the car.

Movant was arrested December 9 as he tried to leave another girlfriend's home in Kentucky. He attempted to avoid authorities by lying on the floorboard of a car leaving the home. After his arrest, he gave the police a false name and Missouri identification with that name. The police found additional identification with yet another false name, as well as pamphlets about creating a new identity, in Movant's belongings. A pair of glasses he had been seen wearing before the murders was found in his luggage. Forensic testing revealed the possible presence of blood on one of the nose guard areas. The sample was too small for further testing, but a partial DNA profile extracted from the area eliminated the children, but not victim, as a source. The DNA profile was found in 1 in every 12, 930 African–American persons.

These facts indicate overwhelming evidence of guilt and demonstrate that Movant is unable to show that, *but for* any alleged unprofessional errors of counsel, the result in his trial would have been different. Having failed to meet the "but for" prejudice test of *Strickland*, it is unnecessary to review Movant's claims of ineffective assistance of counsel under the alternative prong of *Strickland*. See *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

## IV.  Due Process Violation

▇▇▇ Movant also urges this Court to reexamine the law as to when a defendant

---

7.  Movant lived with victim when he was in St. Louis but was married to a woman who lived in California.

8.  She could not identify the revolver specifically, but Movant previously had been seen with such a revolver. The sewers in the area were cleaned December 2, and no gun was ever recovered.

is denied due process because he was convicted through the use of false testimony. The Court declines. For Movant to prevail on his claim that due process was violated and post-conviction relief is warranted, he must show that: 1) the testimony given was false; 2) the State knew it was false; and 3) his conviction was obtained as a result of the perjured testimony. *See State v. Statler*, 383 S.W.2d 534, 537 (Mo.1964). Movant asks that the second requirement of the burden be eliminated.

Such a change would lead to the nonsensical result of expecting the State to be able to read the mind of its witnesses to refrain from having convictions overturned when a witness gives testimony that he later learns is false. Additionally, such a change would not be helpful to Movant. In this case, as the basis of his due process violation, Movant alleges that the Charter representative's trial testimony regarding its landline records showing all outgoing calls from victim's Charter landline was false testimony. At the post-conviction hearing, the Charter representative acknowledged that when she testified at trial, she was under the impression that Charter records did contain all outgoing calls; only later did she discover that was not true. There is no dispute that, at the time of trial, the State believed that her testimony was true. Even if this Court chose to revise the burden as Movant urges, he still would be unable to demonstrate that his conviction was obtained as a result of the "false" testimony for the reason already thoroughly discussed: there was overwhelming evidence of Movant's guilt without the testimony of the Charter representative.

## V.  Conclusion

There is no clear error in the motion court's overruling of Movant's Rule 29.15 motion for post-conviction relief.[9] Because Movant's claims fail to meet one prong of *Strickland*'s test for ineffective assistance of counsel, he is not entitled to Rule 29.15 relief. The overwhelming evidence of guilt presented at trial prevents Movant from demonstrating that but for counsel's alleged errors the trial result would have been different. There is no indication that the motion court clearly erred and there is no reasonable probability of a different outcome. The judgment of the motion court is affirmed.

TEITELMAN, C.J., STITH,
BRECKENRIDGE, FISCHER and
DRAPER, JJ., concur.

---

9. Movant also alleges that the motion court erred in its decision not to grant a hearing as to counsel's ineffectiveness for failure to: impeach a witness; show a telephone call made to Southwest Airlines prior to victim's death; show a lack of telephone calls between victim and Movant in October and November; object to the prosecutor's comment during jury selection; and object to the prosecutor's comment during closing arguments. After reviewing the motion court's thorough findings of fact and conclusions of law regarding the remainder of Movant's claims of error, for the same reasons articulated previously, this Court finds that Movant has failed to establish prejudice as required in *Strickland*. There is no error in the motion court's decision. *See State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992); *see also* Rule 29.15(j).