

# SUPREME COURT OF MISSOURI
## en banc

DAVID A. MCNEAL,             )        *Opinion issued November 1, 2016*
                           )
        Appellant,        )
                           )
v.                         )        No. SC95666
                           )
STATE OF MISSOURI,      )
                           )
        Respondent.     )

**APPEAL FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**The Honorable Michael K. Mullen, Judge**

David McNeal appeals the circuit court's judgment denying his motion for post-conviction relief, which followed his convictions for second-degree burglary and stealing. McNeal argues his trial counsel was ineffective for failing to request an instruction on the lesser-included offense of trespass. The circuit court's judgment is affirmed.

**Factual and Procedural History**

In May 2008, two men were installing floors in vacant apartment 510 in a St. Louis apartment complex. At the same time, McNeal was visiting his son's mother in apartment 511. While there, he decided to go to apartment 510 to collect $10 allegedly owed to him by a woman named Tracy. As McNeal approached apartment 510, he saw two men leave the apartment and, believing they had just visited Tracy, attempted to inquire about Tracy. Once the men left, McNeal knocked on the door of apartment 510 and received no answer.

1

He proceeded to open the door, enter the apartment, and take a drill he found inside the empty apartment. He was subsequently charged with second-degree burglary and stealing.

In the defense's opening statement at trial, McNeal's counsel told the jury that McNeal was going to testify that he did not have the intent to steal when he entered apartment 510 and that he mistakenly went "into the apartment thinking that Tracy still lives there and he knows that she wouldn't mind because she's a friend if he would go on in." The property manager for the apartment complex testified that McNeal did not have permission to enter apartment 510. McNeal admitted he was not on the lease for apartment 510 and had no key to the apartment. He also testified that he had been in that apartment "plenty of times" and that "[t]he relation that we had, I knocked, opened the door, 'Hey, Tracy.' We do it all the time." Although at one point McNeal appeared to state he did not step into the apartment until after discovering it was empty, he later clarified, "I was in [the apartment] once I opened the door." While McNeal conceded that he stole the drill, he testified that he entered the apartment with the intent to find Tracy, not the intent to steal anything. In the defense's closing argument, McNeal's counsel told the jury: "I say to you that he did not commit the crime of burglary. He told you he went into that apartment, but he did not have the intent to steal or he did not know that he was entering unlawfully when he went in."

For the second-degree burglary charge, McNeal's counsel did not request an alternative trespass instruction, and no such instruction was given. Second-degree burglary is a Class C felony and consists of two elements: (1) knowing unlawful entry; (2) with the purpose to commit a crime. Section 569.170, RSMo 2000. First-degree trespass is a Class

2

B misdemeanor and also a lesser-included offense of second-degree burglary as it consists only of the knowing-unlawful-entry element. Section 569.140, RSMo 2000. The jury convicted McNeal of stealing and second-degree burglary. The circuit court sentenced McNeal to ten years for the second-degree burglary conviction and six months for the stealing conviction, with the sentences to run consecutively.

After the convictions were affirmed on direct appeal, McNeal filed a Rule 29.15 motion for post-conviction relief, alleging his trial counsel was ineffective for failing to request a trespass instruction as an alternative instruction to second-degree burglary. The circuit court overruled the motion without holding an evidentiary hearing. On appeal, this Court reversed and remanded for an evidentiary hearing, holding that McNeal's claim was not clearly refuted by the record. *McNeal v. State (McNeal I)*, 412 S.W.3d 886, 889–93 (Mo. banc 2013).

At the ensuing evidentiary hearing, McNeal's counsel testified that it seemed inconsistent to him at the time of trial to request a trespass instruction and confirmed that he did not request a trespass instruction as a matter of trial strategy because the defense's theory challenged both elements of burglary, arguing that McNeal was "[n]ot guilty based on his not having the intent to steal and his entering the room, if not perfectly lawfully, at least not unlawfully." In response to being asked about a specific point in trial when he realized a trespass instruction would be inconsistent with the defense's theory, counsel answered, "I'm not sure it was that much of a conscious decision as much as just it didn't seem appropriate." He also testified that he had his doubts that McNeal would have wanted a trespass instruction at the time or that the circuit court would have given a trespass

3

instruction "'cause here we are asking for an instruction where they find him entering unlawfully and we're arguing that he is not entering unlawfully." He acknowledged the property manager had testified that McNeal did not have permission to enter the apartment, but counsel explained that the defense's theory involved implied consent from the person McNeal believed still was living there. McNeal also testified at the evidentiary hearing and stated that counsel did not discuss a trespass instruction with him, but that he would have wanted a trespass instruction requested had he known it was an option.

Following the evidentiary hearing, the circuit court again overruled McNeal's motion, concluding: "The testimony of counsel at the evidentiary hearing indicated that counsel's decision was reasonable, and the facts of the case including movant's testimony support counsel's theory." McNeal appealed and, after opinion by the court of appeals, this Court transferred the case pursuant to article V, § 10 of the Missouri Constitution.

## Standard of Review

"Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). Findings and conclusions are clearly erroneous only when the reviewing court is "left with a definite and firm impression that a mistake has been made." *Mallow v. State*, 439 S.W.3d 764, 768 (Mo. banc 2014).

## Analysis

"To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must show by a preponderance of the evidence that his or her trial counsel failed to meet the *Strickland* test in order to prove his or her claims." *Johnson v. State*, 406

4

S.W.3d 892, 898 (Mo. banc 2013). There are two prongs to the *Strickland* test, a performance prong and a prejudice prong. *Taylor v. State*, 382 S.W.3d 78, 80–81 (Mo. banc 2012). For the performance prong, "the movant must show that counsel's performance fell below an objective standard of reasonableness." *Id.* at 80. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* "An objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel." *Love v. State*, 670 S.W.2d 499, 502 (Mo. banc 1984). Counsel makes an objectively reasonable choice not to submit an available instruction when the instruction would be inconsistent with the defense's theory at trial. *Id.* at 501–03.

McNeal first argues that counsel did not actually make a strategic decision, pointing to counsel's statement at the evidentiary hearing about the lack of "a conscious decision." But whether counsel's performance was the product of a conscious decision is immaterial— what matters is whether counsel's performance was objectively reasonable, however it came about. *Love*, 670 S.W.2d at 501–02. Moreover, counsel's statement about a lack of a conscious decision was in response to being asked at what *specific point in the trial* he realized a trespass instruction was inconsistent with the defense's theory. Although he could not pinpoint a specific time, counsel repeatedly explained that requesting a trespass instruction seemed inappropriate to him at the time of trial and confirmed that not

5

requesting a trespass instruction was indeed a strategic decision because the instruction would have been inconsistent with the defense's theory, which included disputing the knowing-unlawful-entry element of second-degree burglary.

McNeal also argues a trespass instruction would not have been inconsistent with the defense's theory because counsel effectively conceded trespass (i.e., knowing unlawful entry) during trial. In *McNeal I*, this Court concluded that counsel "did not argue that McNeal had committed no crime" and that counsel had "effectively conceded trespass" because he had raised the possibility that McNeal's conduct could have amounted to a trespass when cross-examining a police officer.[1] 412 S.W.3d at 891. But when the trial transcript is viewed with the benefit of the evidentiary hearing transcript, it is evident that counsel did not actually concede trespass and that counsel's explanation at the evidentiary hearing is consistent with his presentation of the defense's theory at trial.

In his opening statement, counsel stated that McNeal was going to testify that he thought Tracy did not mind that he knocked and entered her apartment, but that he had made a mistake because Tracy no longer lived there. McNeal later testified at trial that he routinely knocked and opened the apartment door without objection from the woman McNeal believed to live there. Although McNeal appeared to testify that he did not step into the apartment until after opening the door and discovering it was empty, he later stated

---

[1] The following exchange occurred during defense counsel's cross-examination of a police officer:
Q: When somebody is in a place where they're not supposed to be, that's not necessarily burglary, is it?
A: No.
Q: It could be a trespass?
A: That is correct.

6

that his opening of the door necessarily took him inside the apartment (a plausible premise assuming the door opened inward). As such, there was testimony before the jury indicating that McNeal did not knowingly enter the apartment unlawfully because he believed he had implied consent to enter as he did.[2] Although there was also testimony from the property manager, and even McNeal himself, that could have indicated McNeal knew his entry was unlawful, "the jury may believe or disbelieve all, part, or none of the testimony of any witness." *State v. Jackson*, 433 S.W.3d 390, 403 (Mo. banc 2014) (internal quotations omitted). In accordance with this principle, counsel had no duty to abandon the part of the defense's theory that disputed the knowing-unlawful-entry element of second-degree burglary. And counsel did not abandon it, as he reminded the jury in his closing argument that McNeal had testified that he did not know his entry was unlawful.

Consistent with disputing the knowing-unlawful-entry element of second-degree burglary, counsel did not request an alternative instruction on trespass. Foregoing an instruction that is inconsistent with the defense's theory falls within the wide range of what may be considered objectively reasonable performance by counsel. *See Love*, 670 S.W.2d at 501–03. While McNeal argues there would have been relatively little downside to requesting an instruction for misdemeanor trespass as an alternative to the instruction for felony burglary, "[i]t is not ineffective assistance of counsel to pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). "There are countless ways to provide effective assistance

---

[2] "Implied consent may be shown from custom, usage or conduct, and it continues until revoked." *St. Louis Cnty. v. Stone*, 776 S.W.2d 885, 889 (Mo. App. 1989).

in any given case." *Strickland*, 466 U.S. at 689. Because McNeal failed to make a sufficient showing on the performance prong, there is no need to address the prejudice prong. *See Taylor*, 382 S.W.3d at 81. The circuit court's findings and conclusions are not clearly erroneous.[3]

### Conclusion

The circuit court's judgment denying post-conviction relief is affirmed.

                               Zel M. Fischer, Judge

All concur.

---

[3] McNeal also argues counsel's performance was not reasonable because counsel failed to consult with McNeal about requesting a trespass instruction. McNeal did not include this claim in his Rule 29.15 motion. "In actions under Rule 29.15, any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal." *McLaughlin v. State*, 378 S.W.3d 328, 340 (Mo. banc 2012) (internal quotations omitted).