

# Missouri Court of Appeals

## Southern District

### Division Two

PAUL R. ROSE, JR.,                    )
                                      )
         Appellant,          )
                                      )
   vs.                             )          No. SD34249
                                      )          Filed:  December 9, 2016
STATE OF MISSOURI,                    )
                                      )
         Respondent.         )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Laura J. Johnson, Circuit Judge

**REVERSED AND REMANDED WITH DIRECTIONS**

Paul R. Rose, Jr. ("Rose"), appeals from the judgment of the motion court denying his amended Rule 29.15[1] motion asserting ineffective assistance of counsel for failure to object to a verdict director.  Rose challenges the judgment of the motion court in one point on appeal.  Finding merit to Rose's point, we reverse the judgment of the motion court and remand for further proceedings.

---

[1] All rule references are to Missouri Court Rules (2016).

## Facts and Procedural History

We set forth only those facts necessary to complete our review. We may consider only those facts alleged by Rose in his amended motion and not refuted by the record. *Smith v. State*, 207 S.W.3d 228, 230 (Mo.App. S.D. 2006). We recite other facts as necessary for context.

During the summer of 2010, Victim reported sexual abuse by Rose, her Mother's boyfriend. At the time of the abuse, Victim was 12 years old.

The authorities were notified, and Rose was charged by amended felony complaint with first-degree sodomy (Count I), pursuant to section 566.062,[2] for having deviate sexual intercourse with Victim between June 1, 2010 and September 30, 2010; "or in the alternative to Count I," with the class B felony of first-degree child molestation (Count II), pursuant to section 566.067, for having sexual contact with Victim between June 1, 2010 and September 30, 2010.

A jury trial was held on February 6, 2012. Victim testified that Rose put his fingers in her genitals at least twenty times. She reported that the abuse occurred at various places around Mother's house and yard.

Rose argued that Victim had entirely fabricated the allegations, and suggested that Victim made up the story because Rose was too strict with her. However, Rose admitted that he had given Victim a "wedgy"[3] at least ten times.

The jury was given Instruction 5, the verdict director for statutory sodomy, which read:

> As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
>
> First, that between June 1, 2010 and August 15, 2010, in the County of Christian, State of Missouri, the defendant knowingly placed his finger inside the vagina of [Victim], and

---

[2] All references to statutes are to RSMo Cum.Supp. 2006, unless otherwise indicated.

[3] Victim described the "wedgy" as Rose "stick[ing] his hand down my pants" and "put[ting] his fingers in my vagina, but they didn't go all the way in."

2

Second, that such conduct constituted deviate sexual intercourse, and

Third, that at that time [Victim] was a child less than fourteen years old, then you will find the defendant guilty under Count I of statutory sodomy in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "deviate sexual intercourse" means any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

The jury found Rose guilty on Count I, statutory sodomy in the first degree. Rose was sentenced to 12 years in the Department of Corrections, to run concurrent with all existing sentences. Rose appealed his conviction and sentence.

On appeal, Rose asserted, in relevant part, that the trial court erred in giving the verdict director for first-degree statutory sodomy—Instruction 5—because that instruction "'did not specify what conduct the jury had to find in order to convict [Rose] beyond a reasonable doubt.'" *State v. Rose*, 421 S.W.3d 522, 525 (Mo.App. S.D. 2013). This Court agreed with Rose's assertion that the verdict director "failed to ensure a unanimous verdict, and the trial court erred in giving it." *Id.* at 529. However, this Court, analyzing Rose's point pursuant to plain error review, concluded that the instruction was error but that Rose failed to show manifest injustice. *Id.* This Court affirmed Rose's conviction and sentence, and mandate was issued on October 16, 2013.

On December 16, 2013, Rose timely filed his *pro se* motion for post-conviction relief. Counsel was not appointed to represent Rose, but the public defender's office was notified of the filing on December 23, 2013. On April 10, 2014, Rose's post-conviction counsel entered his appearance. That same day, counsel requested a 30-day extension of time in which to file an

3

amended motion; that request was granted, making the amended motion due by July 9, 2014. Rose's amended motion for post-conviction relief was filed on July 10, 2014.

On November 3, 2014, Rose's post-conviction counsel filed a "Motion to Consider Movant's Amended Motion as if Timely Filed." The motion court issued an order granting the motion on November 20, 2014.

On July 1, 2015, the motion court denied Rose's claim of error as to the verdict director for Instruction 5, along with several of Rose's other claims, without an evidentiary hearing. The motion court held an evidentiary hearing on the remaining claims on September 30, 2015.

On November 4, 2015, the motion court entered "Findings of Fact and Conclusion of Law[,]" finding that the facts alleged in Rose's amended motion were insufficient to demonstrate prejudice as a result of counsel's failure to object to Instruction 5. The motion court denied the motion, and this appeal followed.

In one point on appeal, Rose asserts the motion court erred in denying his Rule 29.15 motion in that the facts alleged in Rose's amended motion showed that trial counsel failed to object to the verdict director—Instruction 5—on the basis that the instruction did not identify the specific conduct the jury had to find in order to convict Rose and Rose was prejudiced thereby.

**Standard of Review**

Appellate review of the motion court's ruling denying a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(k).

We presume the motion court's ruling is correct. *McLaughlin v. State*, 378 S.W.3d 328, 336–37 (Mo. banc 2012). To overturn the motion court's decision, the appellate court must be left with a "definite and firm impression that a mistake has been made." *Id.* at 337 (internal quotation

4

and citation omitted).  To be entitled to an evidentiary hearing on a motion for post-conviction relief, a movant must show that:  (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the record; and (3) the matters complained of resulted in prejudice to him.  *Smith*, 207 S.W.3d at 230.  An evidentiary hearing will not be granted when the files and records of the case conclusively show that the movant is not entitled to relief.  Rule 29.15(h).

To be entitled to post-conviction relief for ineffective assistance of counsel, Rose must satisfy the two-prong *Strickland* test.  First, Rose must show that his attorney failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the performance prong of the *Strickland* test, Rose must overcome a strong presumption that trial counsel's conduct was reasonable and effective.  *McLaughlin*, 378 S.W.3d at 337.  To overcome this presumption, Rose must point to "specific acts or omissions of counsel that, in light of all circumstances, fell outside the wide range of professional competent assistance."  *Id.* (internal quotation and citation omitted).  "A trial strategy decision may only serve as a basis for ineffective counsel if the decision is unreasonable."  *Id.*  Choosing one reasonable trial strategy over another is not ineffective assistance.  *Id.*  "Strategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable." *Id.* (internal quotation and citation omitted).

Second, Rose must show that he was prejudiced by trial counsel's performance. *McLaughlin*, 378 S.W.3d at 337.  To satisfy the prejudice prong of the *Strickland* test, Rose must demonstrate that, absent the claimed errors by trial counsel, there is a reasonable probability that the outcome of the trial would have been different.  *Id.*  "A reasonable probability exists when

there is a probability sufficient to undermine confidence in the outcome." **Id.** (internal quotation and citation omitted).

If either the performance prong or the prejudice prong is not met, then we need not consider the other, and Rose's claim of ineffective assistance of counsel must fail. **Strickland**, 466 U.S. at 670, 104 S.Ct. 2052. Where a post-conviction claim can be resolved on the basis of lack of prejudice, "that course should be followed." **Taylor v. State**, 382 S.W.3d 78, 81 (Mo. banc 2012).

The State tacitly concedes that the allegations in Rose's amended motion were "probably" sufficient to warrant an evidentiary hearing on the question of whether counsel's performance fell below an objective standard of reasonableness, but argues Rose's factual allegations were insufficient to show prejudice. Therefore, the sole remaining question for our determination is whether the motion court clearly erred in finding that the allegations in Rose's amended motion were insufficient to show prejudice.

### Analysis

Rose claims that the motion court clearly erred in denying his amended motion in that the allegations in his amended motion showed that trial counsel was ineffective because counsel failed to object to the verdict director for first-degree statutory sodomy—Instruction 5—on the basis that it did not identify the specific conduct required to convict Rose. Specifically, Rose argues that the instruction, as presented to the jury, allowed the jury to reach a unanimous verdict even if individual jurors disagreed or differed as to which incidents they believed occurred or did not occur.

The Missouri Constitution provides "[t]hat the right of trial by jury as heretofore enjoyed shall remain inviolate." MO CONST. art. I, §. 22(a). Our supreme court has held that article I, section 22(a) protects a defendant's right to a unanimous jury verdict. **State v. Hadley**, 815 S.W.2d

6

422, 425 (Mo. banc 1991). "For a jury verdict to be unanimous, the jurors must be in substantial agreement as to the defendant's acts, as a preliminary step to determining guilt." *State v. Celis-Garcia*, 344 S.W.3d 150, 155 (Mo. banc 2011) (internal quotation and citation omitted). That is, "the verdict director not only must describe the separate criminal acts with specificity, but the court also must instruct the jury to agree unanimously on at least one of the specific criminal acts described in the verdict director." *Id.* at 158.

As this Court indicated in Rose's direct appeal:

[J]ury instructions in "multiple acts" cases must be modified to ensure each juror agrees the defendant committed the same criminal act that the other jurors find the defendant committed.

. . . .

A multiple acts case arises when there is evidence of multiple, distinct criminal acts, each of which could serve as the basis for a criminal charge, but the defendant is charged with those acts in a single count. To determine if a case is a multiple acts case, courts consider the following factors: (1) whether the acts occur at or near the same time; (2) whether the acts occur at the same location; (3) whether there is a causal relationship between the acts, in particular whether there was an intervening event; and (4) whether there is a fresh impulse motivating some of the conduct.

The evidence suggests this is a multiple acts case. Victim testified [Rose] touched her vagina more than twenty times. These acts occurred on various days in different rooms of the home and yard. As the acts occurred at different times and in different locations and by their very nature involved intervening events and fresh motives, this is a multiple acts case.

*Rose*, 421 S.W.3d at 528 (internal quotations and citations omitted).[4]

---

[4] While this Court found there was no manifest injustice to Rose on the basis of this claimed error in Rose's direct appeal, our supreme court has held that a finding of no manifest injustice under plain error review does not equate to a finding of no *Strickland* prejudice. *Deck v. State*, 68 S.W.3d 418, 425-29 (Mo. banc 2002).

We take note of our supreme court's recent decision in **Hoeber v. State**, 488 S.W.3d 648 (Mo. banc 2016), wherein the court abrogated the holdings of several prior decisions,[5] which had held that "the failure to mount an incident-specific defense precludes a finding that non-specific verdict directors resulted in manifest injustice." **Id.** at 657.

In evaluating the prejudicial effect of counsel's failure to object to erroneous instructions in **Hoeber**, the supreme court stated:

> Trial counsel's failure to object to the insufficiently specific verdict directors submitted to the jury undermines this Court's confidence in the reliability of the verdicts. At trial, the jury heard conflicting statements about multiple incidents of hand-to-genital contact. The state's case was not focused on or limited to any specific acts or incidents of sexual abuse. Rather, the state argued that Mr. Hoeber had abused S.M. multiple times and at least on two occasions. *Because there was evidence of multiple, separate incidents of statutory sodomy, any of which would have supported the charged offenses, and neither verdict director specified a particular act or incident, there was no requirement that jurors agree on the same act to find Mr. Hoeber guilty on either count of statutory sodomy*. The verdict directors, therefore, created a real risk that the jury verdicts were not unanimous. Despite this substantial threat to the unanimity of the jury verdicts, Mr. Hoeber's trial counsel failed to object to the insufficiently specific verdict directors. Accordingly, trial counsel's failure to object to the erroneous verdict directors prejudiced Mr. Hoeber.

*Id.* at 657–58 (emphasis added).

On appeal, the State argues that **Hoeber** is distinguishable because Rose's amended motion did not allege there were any specific conflicting statements about the conduct constituting statutory sodomy in this case, and because the State's evidence showed that Victim was consistent in her claims that Rose touched her vagina. However, these are distinctions without a difference. The decisive elements in **Hoeber** were: (1) "evidence of multiple, separate incidents" of the crimes charged, and (2) the lack of specificity in the verdict directors requiring that jurors agree as to

---

[5] *See **State v. King***, 453 S.W.3d 363, 376–77 (Mo.App. W.D. 2015); **State v. Payne**, 414 S.W.3d 52, 56–57 (Mo.App. W.D. 2013); **Rose**, 421 S.W.3d at 529.

which acts defendant committed in order to convict him of the crimes charged.  *Id.* at 657-58.

Both of the elements are present in the matter before us.

First, there was evidence of multiple, separate incidents that, if credited, could support the crime charged.  Victim testified Rose touched her vagina on more than twenty separate occasions, at different locations throughout the home and yard.  Second, there was a lack of specificity in the verdict director requiring that the jurors agree as to which acts Rose committed.  Instruction 5 reads:

> As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
>
> First, that between June 1, 2010 and August 15, 2010, in the County of Christian, State of Missouri, the defendant  knowingly placed his finger inside the vagina of [Victim],  and
>
> Second, that such conduct constituted deviate sexual intercourse,  and
>
> Third, that at that time [Victim] was a child less than fourteen years old, then you will find the defendant guilty under Count I of statutory sodomy in the first degree.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
>
> As used in this instruction, the term "deviate sexual intercourse" means any act involving the genitals of one person and the hand, mouth,  tongue, or anus of another person or a sexual act involving the penetration,  however slight, of the male or female sex organ or the anus by a finger,  instrument or object done for the purpose of arousing or gratifying the  sexual desire of any person.

Although the jury was instructed to consider the counts separately, there was no  instruction informing them they all had to agree Rose committed the same criminal act.  The factual allegation in Rose's amended motion that counsel failed to object to the insufficiently incident-specific verdict director is sufficient to require an evidentiary hearing on *Strickland* prejudice.  *Hoeber*, 488 S.W.3d at 657-58.

9

However, the record before us is insufficient to determine if the failure to object to the verdict director was a failure to exercise the level and skill that a reasonably competent attorney would exercise and if Rose was prejudiced thereby, because the motion court did not conduct an evidentiary hearing on these allegations.

The motion court's judgment was clearly erroneous. The judgment of the motion court is reversed and remanded for an evidentiary hearing consistent with this opinion.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS